UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVALONBAY COMMUNITIES, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OWEN LAROSA,<br><br>　　　　Defendant. | Case No. 24-cv-03044-NC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED**<br><br>Re: ECF 1 |

This Court orders Defendant Owen LaRosa to show cause why this unlawful detainer case should not be remanded to Santa Clara County Superior Court for improper removal.

**Subject matter jurisdiction is not satisfied.** If at any time it appears the court lacks subject matter jurisdiction over a removal, the case "shall be remanded." 28 U.S.C. § 1447(c). Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District Courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal courts consider only what necessarily appears in plaintiff's statement of his or her claim, unaided by anything alleged in anticipation or avoidance of defenses the defendant may impose. *Taylor v. Anderson*, 234 US 74, 75–76 (1914). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)

1    (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). Subject matter
2    jurisdiction applies to removed cases. 28 U.S.C. § 1441(a) (permitting removal of "any
3    civil action brought in a State court of which the district courts of the United States have
4    original jurisdiction").

5        LaRosa removed this case from state court on May 20, 2024. ECF 1. LaRosa
6    claims to have federal question jurisdiction based on complete preemption. ECF 1 ¶ 10
7    ("Plaintiff's right to relief under the CARES Act completely pre-empts state law. . . ."). In
8    certain limited cases, the preemptive force of federal law is so powerful that it displaces
9    any state law cause of action, and leaves room only for a federal claim for purposes of the
10   "well-pleaded complaint" rule. *Metropolitan Life Ins. Co. v. Taylor* 481 US 58, 63–64
11   (1983). In effect, what is pleaded as a state law claim is "recharacterized" as a federal
12   claim, and as such, is removable. *Franchise Tax Bd. Of State of Calif. V. Construction
13   Laborers Vacation Trust for Southern Calif.* 463 US 1, 23–24 (1983). There is a very high
14   bar for federal preemption and most federal preemption is not "complete": even where
15   federal statutes do supersede state law, in most cases they do not completely preempt state
16   law so as to allow removal. *Hofler v. Aetna U.S. Healthcare of Calif., Inc.,* 296 F3d 764,
17   768 (9th Cir. 2002).

18       LaRosa only raises potential federal defenses under the CARES act as a basis for
19   federal question jurisdiction. *See* ECF 1. Numerous federal courts in this Circuit,
20   including this one, have ordered remand in unlawful detainer actions where a defendant
21   raises the issue of the CARES Act but fails to show how the plaintiff's complaint arises
22   from the Act. *See Wilmington Sav. Fund Soc'y v. Bagheri*, Case No. 23-cv-1210-MWF,
23   2023 WL 3005005, at *2 (C.D. Cal. Apr. 19, 2023) (collecting cases); *see also Menhardt
24   v. Tracy*, Case No. 20-cv-08670-NC, 2020 WL 8513068, at *2 (N.D. Cal. Dec. 24, 2020)
25   (remanding action where "the face of [the plaintiff's] complaint does not allege facts
26   establishing that the CARES Act is the basis for her cause of action").

27       As such, LaRosa does not provide a sufficient basis for this Court to find subject
28   matter jurisdiction and must show cause why this matter should not be remanded to state

court.

This Court orders LaRosa to address this deficiency in writing by June 28, 2024. Failure to respond may result in a recommendation for remand. Plaintiff may reply by July 5, 2024. LaRosa is cautioned that an order remanding may require payment of costs and expenses, including attorney's fees, incurred as a result of the removal. *See* 28 U.S.C. § 1447(c).

As a free service to self-represented civil litigants, the Federal Pro Se program at the San Jose Courthouse provides free information and limited-scope legal advice. The Federal Pro Se program is available by phone appointment at (408) 297-1480. There are also online resources available on the Court's webpage. The Pro Se handbook, found at: http://www.cand.uscourts.gov/pro-se-litigants/, has a downloadable version of the Court's publication: *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants.*

**IT IS SO ORDERED.**

Dated: June 18, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

3