UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVALONBAY COMMUNITIES, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>OWEN LAROSA,<br><br>        Defendant. | Case No. 24-cv-03044-JD<br><br>**ORDER RE REMAND** |

       This is an unlawful detainer action filed by plaintiff AvalonBay Communities, Inc. against defendant Owen LaRosa. Dkt. No. 1 at ECF pp. 9-13. LaRosa, representing himself, removed the case from state court, invoking the Court's federal question jurisdiction. Dkt. No. 1. LaRosa alleged that "[b]ecause the subject property is a covered dwelling [under the CARES Act], the cause of action arises under the notice requirements of 15 U.S.C. § 9058(c) and not California law." *Id*. ¶ 7.

       Magistrate Judge Nathanael M. Cousins filed a report that recommended "remanding the case back to state court for lack of subject matter jurisdiction and declining to award attorney's fees." Dkt. No. 15 at 3. Judge Cousins found that LaRosa "only raises potential federal defenses under the CARES Act as a basis for federal question jurisdiction," and it was questionable in any event that the CARES Act even applies to the subject property. *Id*. at 3-4.

       LaRosa filed an objection to the report and recommendation, contending that an "implied cause of action in the CARES Act completely preempts state law in this case" and that the subject property is a covered dwelling under that statute. Dkt. No. 19. LaRosa subsequently filed a suggestion of bankruptcy that automatically paused this case, Dkt. Nos. 23, 24, but the Court is advised that the Bankruptcy Court has ordered the "automatic stay of 11 U.S.C. § 362(a) . . .

terminated to allow" AvalonBay to pursue its remedies to obtain possession of the real property at issue in this case. Dkt. No. 29-1.

LaRosa's objection to the report and recommendation is overruled. AvalonBay's cause of action in this case does not "arise[] under" the notice requirements in the CARES Act, as LaRosa contends. Dkt. No. 1 ¶ 7. The unlawful detainer claim is a creature of California state law, and LaRosa's contention that AvalonBay failed to comply with the CARES Act's notice requirements is a defense. "[T]he federal question on which jurisdiction is premised cannot be supplied via a defense." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009).

For a case to present a federal question for purposes of the removal statute, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. . . . A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto, and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat. Bank*, 299 U.S. 109, 112-13 (1936) (internal citations omitted). Consequently, LaRosa's objection to the report and recommendation is not well taken.

Upon an independent review of the record, the Court adopts Magistrate Judge Cousins' well-reasoned report and recommendation. For the reasons stated in that report and recommendation and this order, the case is ordered remanded to the Superior Court of California for the County of Santa Clara. AvalonBay's pending motions to remand are terminated as moot. AvalonBay's request for attorney's fees is declined.

**IT IS SO ORDERED.**

Dated: May 23, 2025

JAMES DONATO
United States District Judge